**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | |
| v. : | Case Number: 22-MJ-233 |
| : | |
| **KEVIN MCCOMBS,** : | |
| : | |
| : | |
| **Defendant.** : | |

## GOVERNMENT'S MEMORANDUM
## IN SUPPORT OF PRETRIAL DETENTION

The United States of America, by and through its attorney, the United States Attorney for the District of Columbia, hereby submits this Memorandum in support of its Motion for Pretrial Detention of Defendant Kevin McCombs under 18 U.S.C. § 3142(f)(1)(A). The defendant has been charged by Criminal Complaint in the United States District Court for the District of Columbia with one crime of violence: Distribution of Child Pornography, in violation of Title 18 United States Code Section 2252(a)(2). In addition, as discussed further below, the defendant requested child sexual abuse material depicting an eight-year-old girl from the undercover law enforcement officer with whom he was communicating. Perhaps most concerning, the defendant photographed his penis next to the mouth of his ex-girlfriend's sleeping 11-year-old niece and distributed the images online. Given the seriousness of the defendant's conduct, the government submits that there are no conditions that will reasonably assure the safety of the community should he be released. As a result, detention is appropriate.

## FACTUAL BACKGROUND

On October 4, 2022, a concerned citizen (hereinafter reporting person) contacted the National Center for Missing and Exploited Children to report that her adult cousin was receiving text messages from an individual using phone number 202-XXX-1460, subsequently identified as

the defendant, Kevin E. McCombs (MCCOMBS). The reporting person stated that this individual sent images of himself touching a female, whom he claimed was his 12-year-old niece. According to the reporting person, this individual also sent her cousin a video of himself inserting his fingers into the child's vagina.

The reporting person provided law enforcement with clean images of the child that MCCOMBS claimed was his niece, as well as an image depicting the niece wearing a white tank top and a headscarf, and appearing to be asleep. A male's penis can be seen very close to the child's lips. The reporting person's cousin was also interviewed by law enforcement and stated that the images and video disturbed her and, as a result, she had deleted all of the chats, images, and videos that MCCOMBS sent to her. Law enforcement was unable to retrieve those files from her phone.

Law enforcement learned through public databases that the cellular phone with phone number 202-XXX-1460 is serviced by T-Mobile. An administrative subpoena sent to T-Mobile for this phone number revealed that MCCOMBS is currently listed as the subscriber, with the address 1705 Benning Road NE # C-11 in Washington, DC.

Law enforcement reviewed one of the clean images of the purported 12-year-old niece. In the picture, the child is standing by a door in a hallway of a residence. The child is wearing a headscarf that appears similar to the scarf worn by the sleeping child in the image described above. In addition, law enforcement reviewed body worn camera (BWC) footage from a prior incident at 1705 Benning Road NE #C-11, Washington DC. The footage depicts officers inside of the apartment. A comparison of the inside of the apartment shown in the BWC and the inside of the apartment shown in the image of the child standing in the hallway led law enforcement to believe that they are the same location.

On October 26, 2022, a law enforcement officer operating in an office in the District of

Columbia initiated contacted with MCCOMBS in an undercover capacity by sending a text message to 202-XXX-1460. The following is a portion of the text exchange between the undercover officer (UC) and MCCOMBS:

UC: Hey man what up

UC: Got your number from this lil freak on Website A[1]. I think we are into the same shit (devil emoji)

On October 27, 2022, MCCOMBS responded back to the UC. The following is a portion of that chat exchange:

MCCOMBS:  Tf

MCCOMBS: Who gave you my number

UC: Some freak I met on Website A

MCCOMBS: What you mean into same shit

UC: Virgin yng

MCCOMBS: Prove it

MCCOMBS: Show me sumn

UC: I will if you will

MCCOMBS: I will but I asked first

MCCOMBS: show me some yng

UC: Cool I will my daughter is 8 is that ok let me look

MCCOMBS: Yea you got nudes or videos of her naked

MCCOMBS: [sends a video depicting a black male masturbating over a black female whose age is hard to determine. The male inserts his penis into her vagina and has vaginal intercourse with her]

During the course of the text communication, the UC sent images of his purported 8-year-old daughter.[2] MCCOMBS asked for "nudes or videos of her naked" and told the UC to "pull her

---

[1] The actual name of Website A is known to law enforcement.  It is being sanitized here to protect the integrity of ongoing investigations.
[2] The images sent by the UC did not depict a real child.

panties off." MCCOMBS also directed the UC to "show me you cum on [your] daughter." He further requested that the UC show him the 8-year-old girl's "pussy or ass or face at least."

MCCOMBS also claimed that he sexually abused his minor nieces. For example, MCCOMBS stated that he "got 3 nieces. My oldest I play awake." With respect to his 11-year-old niece, MCCOMBS stated that he had "ate her Nd made her suck Nd fingers both holes real deep." MCCOMBS sent the UC sexually explicit videos and images that he claimed were of these children:

- MCCOMBS sent three videos showing a female whom he described as his 13-year-old niece. The first video depicts a black male putting his penis into the mouth of a black female. The male has a tattoo which appears to be on his right forearm. The second video depicts a nude black female sitting on nude black male's lap. The male is penetrating the female's vagina with his penis. The individuals' faces are not shown. The third video depicts a female lying on her back on a mattress with no sheet. A black male can be seen penetrating her vagina with his penis. The black male has some sort of tattoo on what appears to be his left forearm. The individuals' faces are not shown.

- MCCOMBS also sent the UC a video of a child whom he described as his 7-year-old nephew. The video depicts a prepubescent boy, lying on his back fully nude. The video shows a close-up of the child's anus. The video shows what appears to be semen oozing out of the child's anus.

- MCCOMBS sent the UC two videos that he claimed where of his 11-year-old niece. One video depicts a black male inserting his fingers into a black female's vagina. In the second video, a male is spreading open a female's bare vagina. There

is a white substance on the vagina. At the end of the video, the male pans the video towards himself and films his face. The person's face matches previous photos of MCCOMBS obtained by law enforcement. In the background of the video, a headboard and black-and-white bedding are visible.

- MCCOMBS also sent the UC the photo described above of the sleeping child with a man's penis next to her mouth. MCCOMBS told the UC this was his 11-year-old niece.

MCCOMBS also sent additional images and videos of child pornography that he claimed to have received from other individuals. The following are a few examples of the visual depictions that he sent to the UC:

- an image of a toddler female. The toddler is nude from the waist down and her legs are spread. The focus if the image is on the toddler's bare vagina
- an image showing a minor child with the child's mouth on an adult penis. The side of the child's face is visible as well as her hand. Based on the size of her hand and child-like facial features, she appears to be preteen-aged
- a prepubescent child being vaginally penetrated by an adult penis. The child's vagina is not fully developed and has no hair growth
- an image depicting a different minor child with the child's mouth on an adult penis. Based on the child's flat chest and child-like facial features, she appears to be preteen-aged.

**Arrest and Interview of MCCOMBS**

On October 27, 2022, MCCOMBS was arrested in the 1800 block of Benning Road NE in Washington, DC pursuant to an arrest warrant issued by the United States District Court for the District of Columbia charging him with one count of Distribution of Child Pornography, in violation of 18 U.S.C. § 2252(a)(2). During a subsequent search of the defendant's residence, law enforcement learned that the defendant's ex-girlfriend lived in the neighboring apartment, and that the defendant also spent time there. Law enforcement spoke with the defendant's ex-girlfriend (hereinafter Witness 1, or W-1), who stated that she lives in the apartment with her minor children, and that her sister (hereinafter Witness 2, or W-2) and W-2's two minor children currently reside in the apartment as well. Law enforcement showed W-1 and W-2 the image of the sleeping minor female described above.[3] Both W-1 and W-2 identified the female as W-2's 11-year-old daughter (hereinafter Minor Victim 1, or MV-1).

The defendant waived his *Miranda* rights and agreed to an interview with law enforcement. During the interview, the defendant admitted to using a second phone with the phone number 202-XXX-1460 and to communicating with the UC from that number earlier that day. The defendant also admitted to taking the photograph with his exposed penis next to MV-1's mouth. The defendant denied sexually abusing MV-1 or any other child, and claimed that the videos that he had sent the UC were of adults or had been sent to him by another individual whom he met on Website A.

**ARGUMENT**

The Bail Reform Act permits a judicial officer to hold an individual without bond pending trial if the officer finds clear and convincing evidence that "no condition or combination of

---

[3] The photo shown to W-1 and W-2 was cropped to omit the penis.

conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." 18 U.S.C. § 3142(e). Pursuant to 18 U.S.C. § 3142(f)(1)(A), the judicial officer shall hold a hearing on the question of detention upon the motion of the government in a case that involves a crime of violence.

The crimes of Distribution of Child Pornography, in violation of Title 18, United States Code Section 2252(a)(2) is a crime of violence involving a minor victim, which under 18 U.S.C. § 3142(e)(3)(E) creates a rebuttable presumption that the defendant constitutes a danger to the community, and that no pretrial release condition or combination of conditions may be imposed to assure the safety of any other person and the community. This presumption "operate[s] at a minimum to impose a burden of production on the defendant to offer some credible evidence contrary to the statutory presumption." *United States v. Alatishe*, 768 F.2d 364, 371 (D.C. Cir. 1985); *United States v. Portes*, 786 F.2d 758, 764 (7th Cir. 1985) (observing that the presumptions in § 3142(e) "are rebutted when the defendant meets a burden of production by coming forward with some evidence that he will not flee or endanger the community if released").

In determining whether the defendant has overcome that presumption, the Court must consider the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. *See* 18 U.S.C. § 3142(g). Even when the defendant has offered evidence to rebut the presumption of dangerousness, the presumption remains a factor in the court's analysis of the § 3142(g) factors. *See United States v. Dominguez*, 783 F.2d 702, 707 (7th Cir. 1983) ("Use of that word [rebutted] in this context is somewhat misleading because the rebutted presumption is not erased. Instead it remains in the case as an evidentiary finding

militating against release, to be weighed along with other evidence relevant to factors listed in § 3142(g)."). As the Sixth Circuit has observed, "[t]he presumption [of dangerousness] remains as a factor because it is not simply an evidentiary tool designed for the courts. Instead, the presumption reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial." *United States v. Stone*, 608 F.3d 939, 945-46 (6th Cir. 2010) ("To rebut the presumption, therefore, a defendant should 'present all the special features of his case' that take it outside 'the congressional paradigm.'").

## ANALYSIS

For the reasons that follow, the government submits that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community and that the defendant should therefore remain detained pending trial.

A.      **The Nature and Circumstances of the Offense Charged**

The defendant is charged with Distribution of Child Pornography, which carries a 5-year mandatory minimum sentence, reflective of the severity of this offense. Moreover, the defendant's conduct in this matter is particularly egregious and involves additional criminal acts. In addition to distributing multiple videos of child pornography, the defendant also solicited child pornography from the UC, requesting photos of his eight-year-old daughter's "pussy" and directing the UC to "cum" on his daughter. Even more concerning, the evidence shows that the defendant photographed his ex-girlfriend's 11-year-old niece while she was sleeping, with his exposed penis placed near her mouth. The defendant has sent this photograph to at least two individuals. In sum, the defendant not only distributed and attempted to receive child pornography, but he exploited his access to an 11-year-old child, violated her while she slept, and distributed those images on the Internet. Thus, the nature and circumstances of the offense weigh heavily in

favor of detention.

**B.      The Weight of the Evidence Against the Defendant**

The evidence against the defendant is strong, involving both electronic communications with an undercover law enforcement officer and the defendant's own admissions. Not only did T-Mobile provide law enforcement with records showing that the defendant was the subscriber of the phone number that sent the child pornography to the UC, but the defendant also admitted to this conduct during his custodial interview. Moreover, the defendant acknowledged taking the photograph of his penis next to his ex-girlfriend's niece; the child was also identified by her mother and aunt. In sum, the weight of the evidence against the defendant is overwhelming.

**C.      The History and Characteristics of the Defendant**

The defendant has a significant – and recent – criminal history, including a conviction for Unlawful Possession of a Firearm in 2018, for which he served 12 months' incarceration and was sentenced to addition 12 months suspended. The defendant's term of probation in that matter ended on October 13, 2020 – barely two years before his arrest in the present case. Moreover, the defendant also has a conviction for Carrying a Pistol Without a License in 2016. He also has two prior bench warrants from 2017 and 2022, and nine prior arrests.

In addition, a civil protection order (CPO) against the defendant was granted by a D.C. Superior Court judge on July 18, 2022. The petition was filed by the mother of one of the defendant's children, alleging that the defendant had let the air out of her tires and stolen her phone from her hand. The Court held a hearing on the CPO petition and found that the defendant had committed Theft. The Court granted the CPO and ordered the defendant to report to CSOSA for an assessment and participation in counseling programs. According to the Presentence Report filed in this case, the defendant has not complied with these conditions.

**D.      The Nature and Seriousness of the Danger to Any Person or the Community**

Finally, the evidence here establishes that the defendant presents a danger to the community. Not only did the defendant distribute and attempt to receive child pornography, but he took advantage of his access to an 11-year-old girl and photographed his exposed penis next to her mouth while she was sleeping. He subsequently sent that photograph to at least two known individuals over the Internet, further victimizing the child. This behavior shows that the defendant's sexual interest in children is not confined to the virtual world but poses an articulable danger to real children. Indeed, the defendant's statements to the UC that he was also hands-on abusing his nieces is extremely concerning, particularly given that the defendant did have regular access to his ex-girlfriend's nieces, as well as the photograph that he took of his penis near the mouth of the 11-year-old niece.[4]

Moreover, given the electronic-based component of the defendant's conduct, there is no reason to believe that home confinement would substantially mitigate the danger posed by the defendant to the community. Indeed, the defendant was living at home when he committed the charged conduct described here. As such, there is no reason to believe that home confinement would prevent him from continuing this behavior. Thus, this factor weighs strongly in favor of detention as well.

## CONCLUSION

For all of the reasons set forth above, and any other reasons set forth at any hearing on this issue, a consideration of the evidence in this case and the applicable statutory factors compels the conclusion that the defendant has not rebutted the statutory presumption in favor of detention, and should be detained pending trial.

---

4 The government is still investigating any instances of child sexual abuse.

WHEREFORE, the government respectfully requests that the court grant its motion for detention of the defendant.

Respectfully submitted,

MATTHEW M. GRAVES
UNITED STATES ATTORNEY
D.C. Bar No. 481052

By: */s/ Caroline Burrell*
Caroline Burrell
CA Bar No. 283687
Assistant United States Attorney
United States Attorney's Office
601 D St., N.W.
Washington, DC 20530
Phone: (202) 815-8613